UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RANDY LEE RINDAHL,<br><br>Plaintiff,<br><br>vs.<br><br>MELISSA MAGSTADT, Secretary of Department of Health; STATE OF SOUTH DAKOTA DEPARTMENT OF CORRECTIONS HEALTH SERVICES; UNKNOWN CORRECTIONAL HEALTH SERVICES CLINCIC SUPERVISOR; A. HAYNES, Medical Director; M. RECTOR, MD, Medical provider; A. WELBIG, Certified nurse Practitioner; S. BLACK, Certified Nurse Practitioner; J. KNUSTSON, Certified Nurse Practitioner; S. GOTTSLEBEN, APRN; DESIRARE KUMMER, Registered Nurse; LISA HARLAN, Registered Nurse; LEANNE PETERSON, Registered Nurse; JOSIE RAND, Registered Nurse / X-Ray Technician; UNKNOWN JANE AND JOHN DOE NURSES; LARRY RHODEN, State of South Dakota Governor; STATE OF SOUTH DAKOTA DEPARTMENT OF CORRECTIONS; A. PIRRAGLIA, Director of Prisons; J. ROEMMICHI,[1] Warden for SDSP; R. JOHNSTON, Facility Warden; AVERA MCKENNAN HOSPITAL (JANE/JOHN DOE PERSONNEL BOARD OF DIRECTORS / TRUSTEES); S. WOODARD, MD, Radiology – Vice Chair of AMG Radiology; JANE / JOHN DOE, Personnel Radiologist working for Avera Lincoln County (1/31/2025 & 12/19/2025); JANE /JOHN DOE, Personnel working for Avera McKennan Hospital; AVERA ST. LUKE'S HOSPITAL (JANE / JOHN DOE PERSONNEL BOARD OF DIRECTORS / | 4:26-CV-04024-RAL<br><br><br>ORDER REQUIRING FULL APPELLATE FILING FEE OR MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL |

---

[1] The Court notes that the correct spelling of this defendant's name is Joseph Roemmich.

TRUSTEES); L. LENTER, MD, Radiologist; PETER WEI, MD, Radiologist; YASSINE KANAAN, MD, Radiologist; JANE /JOHN DOE, Personnel working for Avera St. Luke's Hospital; AVERA LINCOLN COUNTY (JANE / JOHN DOE PERSONNEL BOARD OF DIRECTORS/TRUSTEE); JANE / JOHN DOE, Personnel Radiologist working for Avera McKennan Hospital (7/07/2025),

Defendants.

Plaintiff Randy Lee Rindahl, an inmate at the South Dakota State Penitentiary, filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. Rindahl filed a motion for leave to proceed in forma pauperis and provided a completed prisoner trust account report. Docs. 2, 3. But because Rindahl has filed more than three previous cases in the District of South Dakota that have been dismissed as frivolous, malicious, or lacking merit, Rindahl is "barred from filing a federal civil case unless he pays the filing fee in full or alleges imminent danger of serious physical injury." Rindahl v. Avera Med. Grp. Bd. of Dirs., 17-CV-4104-RAL, Doc. 9 at 2 (D.S.D. Nov. 14, 2017) (referencing five previous cases filed by Rindahl dismissed as "strikes" under 28 U.S.C. § 1915(g)).

Under 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). After preliminary review of Rindahl's complaint in this action, Doc. 1, this Court found that Rindahl's complaint had "alleged imminent danger of serious physical injury by a very thin margin[]" and granted Rindahl leave to proceed in forma pauperis. Doc. 6 at 1, 3.

2

This Court then screened Rindahl's complaint for dismissal. Doc. 12. Rindahl's complaint contained claims regarding his disagreement with various medical diagnoses and treatment plans, previous claims Rindahl had brought against various medical providers that did not survive summary judgment, and various other claims, such as claims alleging violations of the Prison Rape Elimination Act, Title II of the Americans with Disabilities Act, and § 504 of the Rehabilitation Act. See generally, Doc. 1; see also Doc. 12. Rindahl now appeals this Court's dismissal of his complaint. Doc. 14.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). "[T]he assessment of appellate filing fees occurs upon the filing of a notice of appeal . . . and fixes responsibility for payment sooner rather than later of the fees in full." Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997) (per curiam). "Irrespective of the court's approach to the merits of the appeal, the prisoner's liability for the full payment of the appellate filing fees under the PLRA continues until full payment has been made which may be long after . . . dispos[al] of the appeal." Id.

Therefore, Rindahl must either pay the full appellate filing fee or file a motion for leave to proceed in forma pauperis on appeal. But as stated above, § 1915(g) prohibits a prisoner who has accumulated three strikes from proceeding in forma pauperis on appeal "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has made clear that "the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Based on the record before the Court at this time, Rindahl

3

has provided no information that would allow this Court to make a determination on whether imminent danger existed at the time Rindahl filed his notice of appeal.

Accordingly, it is

ORDERED that Rindahl file a motion for leave to proceed in forma pauperis on appeal, or, alternatively, that Rindahl pay the full $605 appellate filing fee by July 29, 2026. It is further

ORDERED that the Clerk of Court send Rindahl a blank Motion to Proceed Without Prepayment of Fees and Declaration and a blank Prisoner Trust Account Report Form.

DATED June 29, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

4